1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KINCHLOW, SR.,

   Plaintiff,

 v.

UNKNOWN,

   Defendant.

Case No.  1:22-CV-00272-HBK (PC)

ORDER TO ASSIGN A DISTRICT COURT JUDGE

FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1]

FOURTEEN-DAY OBJECTION PERIOD

(Doc. No.  8)

   This matter comes before the Court upon periodic review.  As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's order.

**FACTS AND BACKGROUND**

   Plaintiff Christopher Kinchlow, Sr., a state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 in the Central District of California on January 27, 2022.  (Doc. No. 1).  No filing fee accompanied Plaintiff's complaint and he did not move to proceed in forma pauperis ("IFP").  (*See* docket).  On March 7, 2022, the district court in the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1    Central District of California transferred the case to this Court because the events giving rise to

2    the cause of action allegedly occurred at North Kern State Prison, which is within he venue and

3    jurisdiction of this Court.  (Doc. No. 5).  On March 8, 2022, the Court directed Plaintiff with 30

4    days to either move to proceed IFP or pay the $402.00 filing fee.  (Doc. No. 8).  The Court

5    enclosed an application for Plaintiff's use should he wish to proceed IFP and cautioned Plaintiff

6    that his failure to timely comply with the Court's March 8, 2022 Order would result in the

7    recommendation that this matter be dismissed without prejudice.  (*Id*. at 2)(stating "[i]f Plaintiff

8    fails to timely comply with this order, the undersigned will recommend the Court dismiss this

9    case for Plaintiff's failure to comply with a court order and/or prosecute this action).  As of the

10    date of these Findings and Recommendations, the time to comply with the Court's March 8, 2022

11    order has lapsed.  Plaintiff has neither moved for an extension of time, paid the filing fee, nor

12    submitted the enclosed application to proceed *in forma pauperis*.  (*See* docket).

**APPLICABLE LAW**

13

14        Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action

15    when a litigant fails to prosecute an action or fails to prosecute or comply with a court order.  *See*

16    Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir.

17    2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

18    (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts

19    may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110

20    similarly permits courts to impose sanctions on a party who fails to comply with a court order.

21    Further, the procedural rules that govern this Court are to be "construed, administered and

22    employed by the court . . . to secure the just, speedy, and inexpensive determination of every

23    action and proceeding."  Fed. R. Civ. P. 1.

24        Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the

25    public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)

26    the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the

27    availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889 (noting that

28    these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added);

1   *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and

2   independently reviewing the record because the district court did not make finding as to each);

3   *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but

4   noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,

5   963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff

6   did not amend caption to remove "et al" as the court directed and reiterating that an explicit

7   finding of each factor is not required by the district court).

8                                          **ANALYSIS**

9          The undersigned considers the above-stated factors and concludes they favor dismissal of

10  this case.  The expeditious resolution of litigation is deemed to be in the public interest.  *Yourish*

11  *v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the

12  Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the

13  heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further

14  exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See*

15  Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of

16  California.  The Court's time is better spent on its other matters than needlessly consumed

17  managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on

18  multiple failures by aspiring litigants to follow the rules and requirements of our courts."

19  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

20  dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

21  order and noting "the weight of the docket-managing factor depends upon the size and load of the

22  docket, and those in the best position to know what that is are our beleaguered trial judges.").

23  Delays have the inevitable and inherent risk that evidence will become stale or witnesses'

24  memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

25  factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The instant dismissal is a dismissal

26  *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing

27  the fifth factor.

28         The Ninth Circuit permits courts to dismiss cases where the plaintiff neither moved to

proceed IFP nor paid the filing fee.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015).  A case cannot linger indefinitely on this Court's already overburdened docket.  A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears Plaintiff has abandoned this action.  Plaintiff's failure to seek either an extension of time or respond to the Court's Order warrants the sanction of dismissal without prejudice under the circumstances.

Accordingly, it is **ORDERED**:

The Clerk of Court be directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or comply with the Court's orders under Fed. R. Civ. P. 41 and Local Rule 110.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   __September 7, 2022__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4